UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAKENA PETERSON TRONE, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | CASE NO. CV 03-B-1294-S |
| | } | |
| JOHN E. POTTER, | } | |
| POSTMASTER GENERAL, | } | |
| UNITED STATES POSTAL | } | |
| SERVICE, | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss in Part and for Summary Judgment in Part. (Doc. 18.)[1] Plaintiff Sakena Peterson Trone has sued her former employer the United States Postal Service, through Postmaster John E. Potter, alleging that defendant terminated her because of a disability due to an on-the-job injury, in violation of the Rehabilitation Act of 1973. (Doc. 1 ¶¶ 12-72.) Plaintiff further alleges that defendant retaliated against her for filing an EEO complaint by denying her request for reinstatement, also in violation of the Rehabilitation Act of 1973.) (*Id.* ¶¶ 73-85.) Upon consideration of the record, the submission of defendant, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss in Part and for Summary Judgment in Part is due to be granted.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I. THE MOTION TO DISMISS

Before a court may decide the merits of a case, the court must first have jurisdiction to hear it.  Plaintiff has the burden of showing that jurisdiction exists.  *See, e.g.*, *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Knox v. United States*, 874 F. Supp. 2d 1282, 1284 (M.D. Ala. 1995).  "When the moving party attacks the complaint on its face, 'the court must consider the allegations of the complaint as true.'" *Knox*, 874 F. Supp. 2d at 1284 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)).[2]

Plaintiff alleges that she "was terminated from employment because of [an] on-the-job compensable injury."  (Doc. 1 ¶ 68.)  This claim is in addition to and distinct from her disability discrimination claim.  Plaintiff's claim of being terminated due to an on-the-job injury is not properly before this court.

Plaintiff raised the same claim before the Merit Systems Protection Board.  An administrative judge issued a decision on March 4, 2002, dismissing her appeal.  (Doc. 19, Ex. 2 at 0074-81.  Thereafter, plaintiff filed a petition for review with the full board, which was denied on November 21, 2002.  (Doc. 19, Ex. 8.)  That decision advised plaintiff of her appeal rights: she had sixty calendar days after receipt of that denial to file a request for

---

[2] Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).  *Williamson* was decided on May 20, 1981.

review with the United States Court of Appeals for the Federal Circuit.  (*Id.* at 2.)  Plaintiff instead filed a civil action in the United States District Court for the Northern District of Alabama on May 20, 2003, nearly six months later.  This action was not an appropriate means for obtaining review of the board's decision.

The Civil Service Reform Act ("CSRA") provides the exclusive remedy for federal employees seeking redress of non-discriminatory personnel actions connected with federal employment.  *See United States v. Fausto*, 484 U.S. 439, 449-51 (1988); *Lee v. Hughes*, 145 F.3d 1272, 1274-75 (11th Cir. 1998) (discussing *Fausto*).  Congress, through passage of the CSRA, provided federal employees with a comprehensive remedial scheme for addressing violations of rights in the federal employment relationship.  This comprehensive scheme supersedes any independent judicial remedy.  *Lee*, 145 F.3d at 1275 ("[T]his court has recognized *Fausto* as emphatically and conclusively establish[ing] the preemptive nature of the CSRA." (second alteration in original) (internal quotation marks omitted)).  Plaintiff's claim is not one over which this court has subject matter jurisdiction, and therefore it is due to be dismissed.

## II.  THE MOTION FOR SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56©, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b).

Plaintiff was first directed to file her opposition to defendant's Motion to Dismiss in Part and for Summary Judgment in Part on or before January 21, 2005. (Doc. 21.) Plaintiff received an extension of this deadline until March 4, 2005. (Doc. 23.) The court's Order granting that extension informed plaintiff that "[n]o further extensions will be granted." (*Id.*) On the date that plaintiff's opposition was due, plaintiff filed another request for an extension. (Doc. 24.) The court notes that the parties have had ample time for discovery. The Complaint was filed on July 31, 2003. The discovery cutoff was December 3, 2004. Plaintiff was initially given a month to respond to defendant's Motion to Dismiss and for Summary Judgment. The court then extended the time for plaintiff to respond for another six weeks, giving plaintiff three months to file her opposition. To date, plaintiff has not filed any evidence or argument in opposition to defendant's Motion to Dismiss in Part and for Summary Judgment in Part. Because the court informed plaintiff in its February 8, 2005, Order that no further extensions would be granted, and because she has had ample time to file her opposition to defendant's motion, her request for another extension to file an opposition to plaintiff's Motion for Summary Judgment will be denied.

Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law.

Applying these standards to this case, the court concludes that defendant, the moving party, has demonstrated that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Plaintiff , who is proceeding *pro se*, has not come forward with *any* evidence in response to this showing. Although plaintiff alleges that she was disabled within the meaning of the Rehabilitation Act due to an injury to her hand, the undisputed evidence reveals that she did not have a permanent or long-term impairment; rather, she had a temporary inability to work while recuperating from a work-related injury. To the extent that plaintiff claims she was "regarded as" disabled, such claim is also not supported by the evidence. Finally, to the extent that the complaint might be read as asserting a disability-based disparate treatment claim, again the record fails to support such a conclusion, and defendant has presented legitimate, non-discriminatory reasons for the personnel actions at issue.

Plaintiff also asserts claims of retaliation with regard to defendant's failure to reinstate her following her recovery. Again, the record does not support such claims; rather, the decision not to reinstate plaintiff was based upon the same work performance history that caused her to be fired just months earlier: two supervisory evaluations, both of which rated plaintiff's work performance as unacceptable, and the first of which occurred before she was injured.[3] Both occurred prior to plaintiff participating in any protected EEO activity.

Plaintiff has failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, and the record demonstrates that summary judgment in favor of defendant is warranted.

### III. CONCLUSION

For the reasons stated herein, the court is of the opinion that defendant's Motion to Dismiss in Part and for Summary Judgment in Part is due to be granted. An Order granting defendant's motion will be entered contemporaneously with this Opinion.

**DONE** this 12th day of August, 2005.



_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[3] Postmaster Lewis made the decision to fire Mrs. Tone after she received unacceptable ratings in every performance category the two separate supervisors.